IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA

CASE NO.

RUSSELL NOONAN and DENISE
NOONAN, his wife

6:10-cv-512-Orl-18KRS

        Plaintiff,

vs.

VERMONT MUTUAL INSURANCE
COMPANY

        Defendant.    /

## COMPLAINT

Plaintiffs, RUSSELL NOONAN and DENISE NOONAN, his wife (hereinafter referred to as "NOONAN"), by and through their undersigned attorneys, sue the Defendant, VERMONT MUTUAL INSURANCE COMPANY, a corporation (hereinafter referred to as "VERMONT MUTUAL"), and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages exceeding FIFTEEN THOUSAND DOLLARS ($15,000.00), excluding costs, interest, and attorneys' fees.

2. At all times material hereto, Plaintiffs, RUSSELL NOONAN and DENISE NOONAN were residents of Brevard County, Florida.

3. At all times material hereto, Defendant, VERMONT MUTUAL, was a corporation for profit, authorized to do business in the State of Florida, including Brevard County, and was engaged in the business of issuing policies of insurance in the State of Florida and handling claims in the State of Florida.



4. Defendant, VERMONT MUTUAL issued to Ronald Robbins a written insurance contract, Policy Number PA18005404, in Brevard County, Florida. Defendant, VERMONT MUTUAL, is in possession of a copy of the insurance contract. Plaintiffs are beneficiaries of the insurance contract pursuant to *Thompson v. Commercial Union*, 250 So.2d 250 (Fla. 1971).

5. The above-referenced insurance contract was intended to cover and indemnify Ronald Robbins for bodily injury liability arising out of the operation of his automobile, to the extent of the bodily injury liability limits which were $100,000.00 per person and $300,000.00 per occurrence.

6. On or about October 17, 2005, while the above referenced contract was in full force and effect, Ronald Robbins caused an automobile accident that resulted in significant, permanent injuries and damages to Plaintiff, RUSSELL NOONAN.

7. Defendant, VERMONT MUTUAL, was timely notified about the accident and the claim and at all times material hereto had sufficient information about the claim of RUSSELL NOONAN.

8. Defendant, VERMONT MUTUAL, failed to timely settle RUSSELL NOONAN'S claim against its insured, Ronald Robbins, even though it knew that this was a case of clear liability and that RUSSELL NOONAN'S damages greatly exceeded the policy limits.

9. As a result of VERMONT MUTUAL'S failure to timely settle RUSSELL NOONAN'S claim, RUSSELL NOONAN filed suit against Ronald Robbins.

10. A Final Judgment was entered against Ronald Robbins in the amount of $1,450,000.00 plus interest.

11. At all material times, Ronald Robbins cooperated with VERMONT MUTUAL.

## COUNT I

## BAD FAITH OF DEFENDANT, VERMONT MUTUAL

12. NOONAN adopts and realleges the allegations contained in Paragraphs 1 through 11 above as if fully set forth herein.

13. VERMONT MUTUAL, pursuant to the insurance contract and Florida law, owed good faith duties to Ronald Robbins, including but not limited to the following:

- a. to use toward Ronald Robbins the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business;

- b. to exercise such control in handling the claims against Ronald Robbins and in making decisions with regard to both settlement and litigation in good faith and with due regard for the interests of Ronald Robbins;

- c. to timely investigate the claim;

- d. to timely and properly evaluate the claim against Ronald Robbins and the risk to Ronald Robbins;

- e. to initiate settlement negotiations with NOONAN, as liability against Ronald Robbins was clear, and the damages suffered by NOONAN were so serious that a judgment in excess of Ronald Robbins' policy limits was likely;

- f. to timely advise Ronald Robbins of settlement opportunities;

- g. to advise Ronald Robbins as to the probable outcome of litigation;

- h. to warn Ronald Robbins of the possibility of an excess judgment and to advise Ronald Robbins of any steps which he might take to avoid same;

- i. to timely and properly evaluate the exposure presented by the NOONAN claim versus the exposure presented by other claimants;

j. to settle if at all possible, where a reasonable, prudent person, faced with the prospect of paying the total recovery, would do so;

k. to settle NOONAN's claim against Ronald Robbins within Robbins' policy limits when, under all of the circumstances, it could and should have done so, had it acted fairly and honestly toward Ronald Robbins and with due regard for Ronald Robbins' interest;

l. to keep Ronald Robbins informed of the claim resolution process and his exposure;

m. to minimize the magnitude of the possible excess judgments against Ronald Robbins by reasoned claim settlement.

14. The foregoing duties are fiduciary and non-delegable.

15. Defendant, VERMONT MUTUAL, is liable for the acts and omissions of its agents, employees or representatives in the handling of the claim against Ronald Robbins.

16. VERMONT MUTUAL, through its agents, employees and representatives, breached its duties of good faith to Ronald Robbins by, including but not limited to:

a. failing to use toward Ronald Robbins the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of this own business;

b. failing to exercise such control in handling the claim and in making decisions with regard to both settlement and litigation in good faith and with due regard for the interests of Ronald Robbins;

c. failing to timely investigate the claim;

d. failing to timely and properly evaluate the NOONAN claim against Ronald Robbins and the risk to Ronald Robbins;

e. failing to initiate settlement negotiations with NOONAN;

  f. failing to timely advise Ronald Robbins about settlement opportunities;

  g. failing to advise Ronald Robbins of the probable outcome of litigation;

  h. failing to warn Ronald Robbins of the possibility of an excess judgment and to advise Ronald Robbins of any steps which he might take to avoid same;

  i. failing to timely and properly evaluate the exposure presented by the NOONAN claim;

  j. failing to settle the NOONAN claim where a reasonable, prudent person, faced with the prospect of paying the total recovery, would do so;

  k. failing to settle the NOONAN claim within Ronald Robbins' policy limits when it could and should have done so had it acted fairly and honestly toward its insured and with due respect for Ronald Robbins' interests;

  l. failing to keep Ronald Robbins informed of the claim resolution process and his exposure;

  m. failing to minimize the magnitude of possible excess judgments against Ronald Robbins by reasoned claim settlement.

17. As a result of VERMONT MUTUAL's breaches of its duties of good faith and its failure to settle the NOONAN claim within policy limits when it could have and should have done so, Ronald Robbins now has a Final Judgment in the amount of $1,450,000.00, plus legal interest, entered against him; the judgment constitutes a lien against his property; and he has sustained other financial damages.

18. As a direct and proximate result of the above breaches of its duties of good faith by Defendant, VERMONT MUTUAL, individually and through its agents, employees and

representatives, and its failure to settle RUSSELL NOONAN's claim when it could and should have done so, Plaintiffs, RUSSELL NOONAN and DENISE NOONAN, as intended beneficiaries of the insurance contract and as judgment creditors of Ronald Robbins, have sustained damages, including but not limited to the amount of the Final Judgment, loss of use of the money owed to them and non-taxable expenses of the underlying litigation.

19. As a result of the above breaches of its duties of good faith by VERMONT MUTUAL Plaintiffs, RUSSELL NOONAN and DENISE NOONAN have employed Slawson Cunningham Whalen & Gaspari to bring this action and has agreed to pay the law firm reasonable attorneys' fees for its services. NOONAN is entitled to recover reasonable attorneys' fees for this action pursuant to §627.428, Florida Statutes.

WHEREFORE, Plaintiffs, RUSSELL NOONAN and DENISE NOONAN, demand judgment against the Defendant, VERMONT MUTUAL INSURANCE COMPANY, for damages, including the amount of the Final Judgment, interest, attorneys' fees and costs, and further demand trial by jury.

Dated this 2nd of December, 2009.

SLAWSON, CUNNINGHAM,
WHALEN & GASPARI, P.L.
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, FL 33410
Telephone   (561) 625-6260
Facsimile    (561) 625-6269
Attorney for Plaintiff

Fred A. Cunningham
Florida Bar # 775487